UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

ANTONIO LAMAR THOMAS,

    Plaintiff,

v.                                                    Case No. 3:23-cv-731-BJD-MCR

FLORIDA STATE PRISON, et al.,

    Defendants.
_____

## ORDER OF DISMISSAL WITHOUT PREJUDICE

Plaintiff, Antonio Lamar Thomas, an inmate confined at Florida State Prison (FSP), initiated this action *pro se* by filing a complaint for the violation of civil rights (Complaint) (Doc. 1) and a motion to proceed *in forma pauperis* (Doc. 2). Plaintiff contends that he has been subjected to cruel and unusual punishment in violation of the Eighth Amendment because he has been denied "serious medical treatment." Complaint at 3-4. He claims the events giving rise to these claims arose at the FSP from December 22, 2021 through May 30, 2023, and ongoing. Id. at 4-5. He names three Defendants: (1) FSP; (2) Centurion of Florida (Centurion) (a sub-contractor hired to provide medical care for inmates of the Florida Department of Corrections); and Dr. John Doe. Id. at 2-4.

The alleged facts underlying Plaintiff's claim of deliberate indifference to a serious medical need are that on December 22, 2021, while confined at Dade Correctional Institution (DCI), he injured his thumb, perhaps fracturing it. Id. at 6. He reported this injury to the medical department at DCI but did not receive any care as he was in administrative confinement pending close management review. Id. When Plaintiff arrived at FSP he notified medical staff of his injury and pain. Id. Medical staff provided pain pills for months. Id. Months later, Plaintiff was given an x-ray. Id. The injury healed improperly, and Plaintiff was given steroids, which only served to harden and stiffen the joint. Id. Plaintiff's thumb is without mobility or any range of motion. Id. A piece of bone protrudes from the side of Plaintiff's thumb and can be readily felt. Id. Plaintiff concludes, "[d]ue to these facts of medical's negligent and negligence my thumb is in constant pain and discomfort, causing the thumb to stay swelling, erected, never being allowed to bend nor relax. [T]he bone is deformed, sensitive and easy to swell and re-injure." Id.

Under injuries, Plaintiff states that due to negligent medical care, his thumb has healed improperly with no range of motion and is deformed, sensitive to the touch, and lacks mobility. Id. at 5. He complains that he only received steroids and two x-rays. Id. As relief, he seeks compensatory and punitive damages and surgery. Id.

The Prison Litigation Reform Act (PLRA) requires a district court to dismiss a complaint if the court determines it is frivolous, malicious, or fails to state a claim on which relief may be granted. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b)(1).  Since the PLRA's "failure-to-state-a-claim" language mirrors the language of Rule 12(b)(6) of the Federal Rules of Civil Procedure, courts apply the same standard.  Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997). See also Alba v. Montford, 517 F.3d 1249, 1252 (11th Cir. 2008), cert. denied, 555 U.S. 1051 (2008).

A complaint is frivolous if it is without arguable merit either in law or in fact.  See Neitzke v. Williams, 490 U.S. 319, 325 (1989).  Dismissals for failure to state a claim are governed by Federal Rule of Civil Procedure 12(b)(6). See Mitchell, 112 F.3d at 1490 ("The language of section 1915(e)(2)(B)(ii) tracks the language of Fed. R. Civ. P. 12(b)(6)").  Additionally, courts must read a plaintiff's pro se allegations in a liberal fashion.  See Haines v. Kerner, 404 U.S. 519, 520 (1972).

Plaintiff's claim arises under 42 U.S.C. § 1983.  "[S]ection 1983 provides a method for vindicating federal rights conferred by the Constitution and federal statutes."  Bannum, Inc. v. City of Fort Lauderdale, 901 F.2d 989, 997 (11th Cir. 1990) (citations omitted).  To successfully plead a § 1983 claim, a plaintiff must allege two elements: "(1) that the act or omission deprived

plaintiff of a right, privilege or immunity secured by the Constitution or laws of the United States, and (2) that the act or omission was done by a person acting under color of law." Id. at 996–97 (citations omitted). Thus, a plaintiff must show that the defendant acted under the color of law or otherwise showed some type of state action that led to the violation of the plaintiff's rights. Id.

Plaintiff, who is confined at FSP and proceeds pro se, sues three Defendants, FSP, Centurion, and Dr. John Doe. Plaintiff claims the Defendants subjected him to cruel and unusual punishment in violation of the Eighth Amendment of the United States Constitution. In essence, Plaintiff complains he was denied adequate medical care after he injured his thumb.

To allege deliberate indifference to a serious medical need, a plaintiff must allege an objectively serious medical and that a prison official acted with an attitude of "deliberate indifference" to that need. Estelle v. Gamble, 429 U.S. 97, 104-105 (1976). A serious medical need is "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." Mann v. Taser Int'l, Inc., 588 F.3d 1291, 1307 (11th Cir. 2009) (quoting Hill v. Dekalb Reg'l Youth Det. Ctr., 40 F.3d 1176, 1187 (11th Cir. 1994)). In order to meet the deliberate indifference standard, a plaintiff must show "(1) subjective knowledge of a risk of serious harm; (2) disregard of that risk; (3) by conduct

that is more than [gross] negligence." Goebert v. Lee Cnty., 510 F.3d 1312, 1327 (11th Cir. 2007) (alteration in original) (internal quotation marks and citation omitted). See Wade v. McDade, 67 F.4th 1363, 1374 (11th Cir. 2023) (same); Hoffer v. Sec'y, Fla. Dep't of Corr., 973 F.3d 1263, 1270 (11th Cir. 2020) (same).

Plaintiff names FSP as a defendant. A corrections facility is not a proper defendant. Monroe v. Charlotte Cnty. Jail, No. 2:15-cv-729-FtM-99MRM, 2015 WL 7777521, at *2 (M.D. Fla. Dec. 3, 2015) (not reported in F. Supp) ("A correctional facility or [a] jail is not a proper defendant in a case brought under 42 U.S.C. § 1983." (citing Chapter 30, Florida Statutes)). Thus, FSP is not an entity subject to suit under Florida law. See Zerby v. Fla. Dep't of Corr., No. 3:09cv75/LAC/EMT, 2009 WL 789677, at *2 (N.D. Fla. Mar. 23, 2009) (not reported in F.Supp.2d) (a corrections institution has no independent corporate existence and is not a suable entity).

Plaintiff fails to name any particular doctor, nurse, physician's assistant, or other medical professional in his Complaint. Instead, he refers to "medical staff." A state prison's medical staff "is not a person or an entity subject to suit because it does not have legal existence." Hines v. Wexford Health Source, Inc., No. 15-CIV-22472-COOKE, 2015 WL 13821270, at *4 (S. D. Fla. July 31, 2015) (not reported in F. Supp.) (citations omitted), report and

5

recommendation adopted by 2015 WL 13821215 (S.D. Fla. Oct. 6, 2015). Although Plaintiff refers to Defendant No. 3 as Doctor John Doe, head physician, he fails to raise any particular allegations against Dr. John Doe head physician.  Complaint at 3.  Indeed, there are no specific allegations raised against any particular doctor at FSP.  Sparse, vague, and conclusory allegations will not suffice in a civil rights action under 42 U.S.C. § 1983: "conclusory allegations, unwarranted deductions of facts, or legal conclusions masquerading as facts will not prevent dismissal." Rehberger v. Henry Cnty., Ga., 577 F. App'x 937, 938 (11th Cir. 2014) (per curiam) (quotations and citation omitted).  Finally, "fictitious-party pleading is not permitted in federal court." Richardson v. Johnson, 598 F.3d 734, 738 (11th Cir. 2010) (per curiam) (citing New v. Sports & Recreation, Inc., 114 F.3d 1092, 1094 n.1 (11th Cir. 1997)).

    Plaintiff completely fails to provide any operative facts concerning the type of medical care he thought he needed.  Based on his own allegations, medical staff at FSP provided Plaintiff with medical attention and tests, including pain medication, steroids, and x-rays.  Apparently Plaintiff is contending that the medical staff should have done something more or different.  When prison medical practitioners provide medical care for prisoners, "federal courts are generally reluctant to second guess medical

6

judgments." Hamm v. DeKalb Cnty., 774 F.2d 1567, 1575 (11th Cir. 1985), cert. denied, 475 U.S. 1096 (1986). The sort of difference in medical opinion of which Plaintiff complains does not adequately allege a deliberate indifference claim under section 1983. Waldrop v. Evans, 871 F.2d 1030, 1033 (11th Cir. 1989). Nor does that determination alone by medical staff make it plausible that they knew of a serious risk of harm and disregarded it. Nor does it mean that the medical staff plausibly knew of a serious risk of harm and disregarded it in some way.

To meet the deliberate indifference standard, a plaintiff must "allege that the prison official, at a minimum, acted with a state of mind that constituted deliberate indifference." Richardson, 598 F.3d at 737. Here, Plaintiff's allegations against these Defendants do not rise to the level of a constitutional violation. At most, Plaintiff has presented a medical malpractice claim, a state tort, not a constitutional deprivation. Allegations of medical negligence do not satisfy the stringent deliberate indifference standard. See Estelle, 429 U.S. at 105-106. Mere incidents of negligence or malpractice will not suffice to support a claim of deliberate indifference to serious medical needs in violation of the Eighth Amendment.

Plaintiff does not describe medical care that is so grossly incompetent that it shocks the conscience. Plaintiff received diagnostic care as well as pain

medicine and medication to reduce inflammation. Indeed, the care he describes is not "so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness." Harris v. Thigpen, 941 F.2d 1495, 1505 (11th Cir. 1991) (citation omitted). Any claim of subpar diagnosis and treatment is insufficient to support a claim of cruel and unusual punishment. Adams v. Poag, 61 F.3d 1537, 1545 (11th Cir. 1995) ("the question of whether governmental actors should have employed additional diagnostic techniques or forms of treatment 'is a classic example of a matter for medical judgment' and there not an appropriate basis for grounding liability under the Eighth Amendment."). These apparent allegations of medical negligence or medical malpractice do not satisfy the stringent deliberate indifference standard. See Estelle, 429 U.S. 105-106 (a claim of negligent diagnosis or treatment does not state a valid claim of medical mistreatment under the Eighth Amendment). Furthermore, the allegations in the Complaint do not rise to the level of a constitutional violation merely because Plaintiff is an inmate. Id. at 106.

Upon due consideration of the allegations raised in the Complaint, the Court concludes that Plaintiff merely disagrees or is dissatisfied with the treatment he received from the Defendants. Plaintiff contends that the medical staff at FSP were negligent in diagnosing or treating his medical

condition, but this does not state a valid claim of medical mistreatment under the Eighth Amendment. Bingham v. Thomas, 654 F.3d 1171, 1176 (11th Cir. 2011) (per curiam). As such, even a liberal construction of the allegations of the Complaint reveals Plaintiff has little or no chance of success as his allegations do not support a claim of constitutional dimension. Moreover, a more carefully drafted complaint would make no difference as Plaintiff simply fails to state a plausible constitutional claim for relief against the Defendants as his complaint sounds in negligence or medical malpractice.

Accordingly, it is

**ORDERED:**

1. This case is **DISMISSED without prejudice**.

2. The **Clerk** shall enter judgment dismissing this case without prejudice, terminate any pending motions, and close the file.

**DONE AND ORDERED** at Jacksonville, Florida, this 27th day of June, 2023.

_____
BRIAN J. DAVIS
United States District Judge

sa 6/26
c:
Antonio Lamar Thomas